**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

ISIDRO PLANCARTE-VASQUEZ,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 08-4062-MWB
(No. CR 04-4092)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

---

**TABLE OF CONTENTS**

*I.* **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A. The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . 2
    *B. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II.* **PRELIMINARY MATTERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III.* **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . 5
    *B. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . . 8
        *1.    Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . 8
        *2.    Failure to advise regarding the elements of the offense* . . . . . 10
        *3.    Failure to file a petition for writ of certiorari* . . . . . . . . . . 12
        *4.    Failure to investigate and actual innocence* . . . . . . . . . . . 14
        *5.    Failure to challenge drug quantity* . . . . . . . . . . . . . . . . 17
        *6.    Failure to object to supervised release* . . . . . . . . . . . . . . 20
    *C. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*IV.* **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## I. INTRODUCTION

This case is before the court on petitioner Plancarte-Vasquez's *Pro-Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by A Person In Federal Custody (docket no. 1), filed on August 4, 2008. Plancarte-Vasquez claims that his counsel provided him with ineffective assistance in various ways. The respondent denies that Plancarte-Vasquez is entitled to any relief on his claims.

### A. *The Petitioner's Criminal Proceedings*

On September 22, 2004, Plancarte-Vasquez was charged, along with a co-defendant, by a two-count indictment (Crim. docket no. 1). Count one of the indictment charged Plancarte-Vasquez with conspiracy to distribute 15,000 grams or more of methamphetamine, in violation of Title 21, U.S.C. § 841(a)(1) and 841(b)(1)(A) and 860(a). Count two of the indictment charged Plancarte-Vasquez with possession with intent to distribute 50 grams or more of methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). Plancarte-Vasquez appeared before now Chief United States Magistrate Judge Paul A. Zoss on October 14, 2004, and pled not guilty to both charges in the indictment. *See* Crim. docket no. 12. Plancarte-Vasquez appeared in front of Judge Zoss on January 31, 2005, to change his plea to guilty to counts one and two of the indictment. See Crim. docket no. 40. Judge Zoss filed a Report and Recommendation to Accept Guilty Plea (Crim. docket no. 41), on January 31, 2005. By Order (Crim. docket no. 44), dated February 22, 2005, the undersigned accepted the Report and

Recommendation, thereby accepting Plancarte-Vasquez's plea of guilty. Plancarte-Vasquez appeared before United States District Court Judge James E. Gritzner on April 29, 2006, for sentencing. *See* Crim. docket no. 55. Plancarte-Vasquez was sentenced to 168 months, on each count, to run concurrently, followed by 60 months of supervised release, to run concurrently. *See* Crim. docket no. 55. On May 9, 2005, Plancarte-Vasquez filed a joint Notice of Appeal (Crim. docket no. 59), with his co-defendant, to the United States Court of Appeals for the Eighth Circuit. On appeal, Plancarte-Vasquez argued that he should not have been sentenced at a Guideline level 28 because the district court had entered a finding that he was only responsible for 10,000 kilograms or more of marijuana equivalent, which would have placed him at a base offense level of 36. *See* Crim. docket no.91. The Eighth Circuit Court of Appeals found that while the disparity between the drug quantity found by the district court and the applicable Guideline level may have been simply a clerical error, the record was sufficiently ambivalent and it was possible that the district court intended to hold Plancarte-Vasquez responsible for only 10,000 kilograms or more of marijuana equivalent and not 30,000 kilograms or more of marijuana equivalent. *See* Crim. docket no.91. The court remanded for resentencing of Plancarte-Vasquez. See Crim. docket no.91.

Plancarte-Vasquez appeared before Judge Gritzner on August 21, 2006, for resentencing. *See* Crim. docket no. 101. Upon resentencing, Plancarte-Vasquez was found responsible for 30,000 kilograms or more of marijuana equivalent and was again sentenced to 168 months on both counts, running concurrently, and to 60 months of supervised release on both counts, to run concurrently. *See* Crim. docket no. 102. On August 30, 2006, Plancarte-Vasquez filed a Notice Of Appeal (Crim. docket no. 103), to the Eighth Circuit Court of Appeals. Plancarte-Vasquez argued that the district court erred by attributing 30,000 kilograms or more of marijuana equivalent to him on the basis of

inconsistent and unreliable witness testimony. *See* Crim. docket no. 118. On October 23, 2007, by Order (Crim. docket no. 118), the Eighth Circuit Court of Appeals affirmed the district court's drug quantity calculation and held that the ultimate sentence was not unreasonable.

### *B. The Petitioner's § 2255 Motion*

On August 4, 2008, Plancarte-Vasquez filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1)("Motion"). Plancarte-Vasquez filed a *Pro Se* Petitioner's Brief (Civ. docket no. 3) on August 18, 2008 and a *Pro Se* Memorandum of Law (Civ. docket no. 4) on September 29, 2008. The respondent filed a Response (Civ. docket no. 7) on November 26, 2008. On December 15, 2008, Plancarte-Vasquez filed a *Pro Se* Reply (Civ. docket no. 8).

### *II. PRELIMINARY MATTERS*

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. § 2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Plancarte-Vasquez's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Plancarte-Vasquez's allegations cannot be accepted as true because they are contradicted by the record.

Some of Plancarte-Vasquez's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Plancarte-Vasquez can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial counsel. Plancarte-Vasquez also claims actual innocence. Therefore, the court will pass on to the merits of Plancarte-Vasquez's claims for § 2255 relief.

## III. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Plancarte-Vasquez's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to

> collateral attack, may move the court which imposed the
> sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors
> which could have been raised at trial or on direct appeal,
> absent a showing of cause and prejudice, *United States v.*
> *Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71
> L. Ed. 2d 816 (1982), or a showing that the alleged errors
> were fundamental defects resulting in a complete miscarriage
> of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
> (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'")

(quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Plancarte-Vasquez's claims for § 2255 relief.

## B. Ineffective Assistance Of Counsel

### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Plancarte-Vasquez is entitled to

relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*,

423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Failure to advise regarding the elements of the offense*

Plancarte-Vasquez asserts that his counsel was ineffective for failing to advise him regarding the government's burden of proof as to the element of drug quantity. (Motion at 3). The respondent argues that Plancarte-Vasquez cannot establish prejudice with regard to his allegation that he was misadvised regarding the government's burden of proof as to drug quantity when he would have read the indictment before entering a plea of guilty.

(Response at 10). Further, the respondent argues that Plancarte-Vasquez cannot establish that his counsel's performance in this regard was deficient because counsel's affidavit (Response, Ex. 1, p. 8-9), demonstrates that counsel's advice was based on a strategic decision. (Response at 10).

To satisfy this "prejudice" prong, subsequent to pleading guilty, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the movant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58 (1985). In the guilty plea context, a lawyer need not give wholly accurate advice in order to render effective assistance. *Hill v. Lockhart,* 731 F.2d 568, 572 (8th Cir. 1984). Counsel is not required to perform perfectly. *Id.* When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. *Hawkman v. Parratt,* 661 F.2d 1161, 1170 (8th Cir. 1981) (citing *Beckham v. Wainwright,* 639 F.2d 262, 267 (5th Cir. 1981), in turn citing, *Brady v. United States,* 397 U.S. 742, 756 (1970)). To prove that counsel was ineffective, the habeas petitioner must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. *Id.* at 1170. Even where a defendant can demonstrate that an attorney's performance was deficient because the attorney failed to advise them of the elements of the offense, that fact alone will not establish a reasonable probability that the defendant would have risked going to trial when the record demonstrates that the defendant had been fully informed with regard to the elements of the offense prior to pleading guilty. *See Schone v. Purkett*, 15 F.3d 785, 790 (8th Cir. 1994) (defendant who explicitly acknowledged to court that he understood the charges could not establish that he was prejudiced by counsel's alleged failure to advise him of the elements of the offense of sodomy.)

The record indicates that Plancarte-Vasquez was advised, by his attorney, of the risk of taking the case to trial and possibly having the weight of his father's drugs attributed to him and decided he stood a better chance with a judge. (Reply, Ex. 1 at 9). This court does not find that Plancarte-Vasquez has established that his counsel's performance was not within the range of competence demanded of attorneys in criminal cases. If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

However, even assuming that Plancarte-Vasquez could establish that his attorney's conduct was deficient, he still would not be able to establish that he was prejudiced by such conduct. During his plea hearing, the court advised Plancarte-Vasquez of each and every element of the crimes, determined that he understood each and every element, and further ascertained that he had been advised by his counsel with regard to each and every element of the crimes. (Report and Rec. at 2). This court determines that Plancarte-Vasquez made a fully informed strategic decision to plead guilty and that, given the advice and information provided to him by the court during his plea hearing, he would have pled guilty. Further, he is unable to demonstrate that he would not have pled guilty if he had been properly advised by his attorney as to the elements of the crimes. With regard to this claim, Plancarte-Vasquez has not established that his attorney's conduct was deficient or that he would have been prejudiced if it had been. Therefore, this claim must fail.

### 3. *Failure to file a petition for writ of certiorari*

Plancarte-Vasquez asserts that his attorney provided ineffective assistance of counsel by failing to file a petition for a writ of certiorari as requested. (Motion at 7). The respondent argues that Plancarte-Vasquez has not provided any evidence to support that Plancarte-Vasquez made such a request to counsel and further that even if Plancarte-

12

Vasquez had such evidence, failure to file a petition for writ of certiorari to the United States Supreme Court does not constitute ineffective assistance of counsel, citing to *Steele v. United States,* 518 F.3d 986, 988 (8th Cir. 2008).

With regard to an assertion that counsel failed to file a legal document, as requested, a "bare assertion by the [movant] that [he or she] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Green v. United States*, 323 F.3d 1100, 1103 (8th Cir. 2003) (assertion that counsel failed to file a direct appeal as requested, quoting *Barger v. United States*, 204 F.3d 11890, 1181-82 (8th Cir. 2000)). Here, Plancarte-Vasquez offers a bare assertion that he asked his counsel to file a Writ of Certiorari, but his counsel has proffered conflicting testimony in his affidavit. Plancarte-Vasquez offers no evidence to support his claim other than his self-serving testimony and, therefore, the undersigned finds that the statement of Plancarte-Vasquez's counsel is more credible. Therefore, Plancarte-Vasquez's claim must fail because his counsel's performance was not deficient. *See Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002).

Further, due process does not guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court. *See Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) (citing *Ross v. Moffitt*, 417 U.S. 600, at 617-618 (1974)). A litigant without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel." *Steele v. United States,* 518 F.3d at 988, (citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982)); see *also Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007)("[W]here there is no constitutional right to counsel there can be no deprivation of effective assistance."). Because Plancarte-Vasquez cannot establish a constitutional right to counsel with regard to the filing of a Writ of Certiorari, his claim for relief from ineffective assistance of counsel on this ground cannot succeed.

#### 4.    *Failure to investigate and actual innocence*

Plancarte-Vasquez alleges that he was actually innocent of the charges appearing in the indictment.  Plancarte-Vasquez claims that he did not engage in the acts alleged in the indictment because at all times relevant to the indictment, he was attending high school in Mexico. (Motion at 5).  Plancarte-Vasquez further alleges that his trial counsel provided ineffective assistance by failing to adequately investigate Plancarte-Vasquez's attendance at a Mexican high school.  (Motion at 5).

The respondent  argues that Plancarte-Vasquez pled guilty to the charges, knowing the factual basis therefore, and that Plancarte-Vasquez does not allege that his guilty plea was involuntary or uncounseled  (Response at 11).   The respondent also states that Plancarte-Vasquez's attorney did obtain and produce the school records in question and presented an argument to the court, regarding Plancarte-Vasquez's limited role in the conspiracy, based on such records.  (Response at 11-12).

The court initially notes that there is a difference between a "gateway claim" and a "freestanding claim" of actual innocence.  *See House v. Bell*, 547 U.S. 518 (2006).  The gateway claim of actual innocence, as previously recognized by the Supreme Court, exists when a petitioner attempts to avoid a procedural bar that would otherwise preclude him or her from bringing other claims.  *See Id.,* at 536-537; *Bousley*, 523 U.S. at 623.  The claim of actual innocence serves as a gateway for the petitioner to argue his or her other claims before the Habeas court.  *House*, 547  U.S. at 536-537.  Thus, it is a complement to the "cause and prejudice" standard that permits a petitioner to raise an otherwise procedurally barred claim.  *See McNeal*, 249 F.3d at 749 ("A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence.").   A freestanding claim of actual innocence, on the other hand, is a

petitioner's attempt to prove his or her innocence outright. *See House*, 547 U.S. at 554-55; *see also Herrera v. Collins*, 506 U.S. 390, 417(1993) (recognizing the possibility of such a claim). A successful freestanding claim of actual innocence would render any procedural bar irrelevant.

A freestanding claim of actual innocence, however, has never been explicitly recognized by the Supreme Court. *See House*, 547 U.S. at 555; *Baker v. Yates*, 2007 WL 2156072 (S.D. Cal.) ("In practice, however, the Supreme Court has never explicitly held that a freestanding innocence claim is available during habeas review, even in a death penalty case."). The Supreme Court concluded, in *House*, "that whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it." *Id*. The Court further established that the standard for any freestanding innocence claim would be "' extraordinarily high.'" *Id*. (quoting *Herrera*, 506 U.S. at 417). While the Court did not further explain what an "'extraordinarily high'" standard would consist of, the Court did indicate that this standard would be higher than the standard for a successful "gateway" innocence claim. *Id*. ("The sequence of the Court's decisions in *Herrera* and *Schlup*, first leaving unresolved the status of freestanding claims and then establishing the gateway standard, implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*.").

While the standard for a "gateway" innocence claim is less demanding than its counterpart, it is still very strict. A petitioner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 536-537. Thus, first a petitioner must present "'new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial.'" *Id*. at 537 (quoting *Schlup v. Delo*, 513 U.S.

15

298, 324,(1995)).  Armed with such evidence a petitioner may then attempt to meet the "demanding" standard that "permits review only in the 'extraordinary' case."  *Id*. at 537 (quoting *Schlup*, 513 U.S. at 327).  In this case, the court will assume the defendant has made both claims.

Plancarte-Vasquez has not claimed that there is any new evidence to be presented as to the drug charges.  *See  House*, at 547 U.S. 537 (requiring the petitioner to present new evidence).  The standard for a successful gateway claim of actual innocence requires "new reliable evidence…that was not presented at *trial*," *Schlup*, 513 U.S. at 324 (emphasis added).  In this case, Plancarte-Vasquez presents no new evidence in support of his claim of actual innocence that was not presented to the court during his initial sentencing hearing.  Plancarte-Vasquez's attorney was in possession of the school records and presented them to the court, arguing that Plancarte-Vasquez's role in the drug activity was minimal given his attendance at a high school in Mexico.  (Response at 11-12).  The lack of any new evidence alone is enough to deny Plancarte-Vasquez's claim when characterized as an actual innocence claim.  *See House*, 547 U.S. at 537.

Second, the school records do not conclusively negate Plancarte-Vasquez's conviction and contradict his argument.  There is ample evidence in the record to demonstrate that Plancarte-Vasquez was, at all times relevant to the drug conspiracy, in the location of the conspiracy and was involved in selling drugs.  *See* Sent. Tr.  At most the school records demonstrate that Plancarte-Vasquez spent some time during the drug conspiracy traveling back and forth between Mexico and Sioux City.  (Sent. Tr. at 49-50).  Based on the existing record, objective, reasonable jurors could have found defendant Plancarte-Vasquez guilty.  Therefore, the defendant has not made a successful showing to establish a "gateway" claim of actual innocence.  *See Bousley*, 523 U.S. at 623-23 (noting "that 'actual innocence' means factual innocence, not mere legal insufficiency" (citing

*Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). As such, Plancarte-Vasquez has also failed to meet the higher standard required for a successful freestanding claim of actual innocence.

With regard to Plancarte-Vasquez's claim that his counsel provided ineffective assistance of counsel by failing to investigate Plancarte-Vasquez's assertion that he could not have been involved in the drug conspiracy because he was attending high school in Mexico during the time of the conspiracy, the undersigned finds that Plancarte-Vasquez's attorney was aware of the issue, obtained the records, and made a reasonable strategic decision regarding how to use them to benefit Plancarte-Vasquez. "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Plancarte-Vasquez cannot establish that his attorney's conduct with regard to investigating and using his school records fell below the wide range of reasonable professional assistance and, therefore, his claim will fail on this ground.

### 5.    *Failure to challenge drug quantity*

Although Plancarte-Vasquez's claim is not entirely clear, the court construes his pleading as further arguing that Plancarte-Vasquez received ineffective assistance of counsel because his trial attorney failed to object to a finding of drug quantity that differed

17

from that appearing on the indictment, in the plea agreement, and from what a co-defendant was held responsible for, alleging that the different drug quantities indicate that he was actually innocent of the quantity he was held responsible for. (Motion at 6). The respondent asserts first, that this claim is procedurally barred because the issue of the amount of drugs attributed to Plancarte-Vasquez was already decided on appeal. (Response at 13). Further, the respondent claims that Plancarte-Vasquez pled guilty to Count 1 of the indictment and does not claim that his plea was made involuntarily or unknowingly. (Response at 13).

Counsel indicates that Plancarte-Vasquez was advised, prior to pleading guilty, that the government bore the burden to prove the nature and extent of Plancarte-Vasquez's involvement in the distribution of methamphetamine, including the quantity thereof. (Response, Ex. at 3). Testimony was taken with regard to drug quantity at Plancarte-Vasquez's sentencing hearing. (Response, Ex. at 7). The credibility of this testimony and the ultimate determination of drug quantity made by the district court at Plancarte-Vasquez's first sentencing hearing were raised in a joint appeal, filed with his co-defendant, to the United States Court of Appeals for the Eighth Circuit. (Response, Ex. at 7). The Eighth Circuit Court of Appeals remanded the case for re-sentencing with regard to Plancarte-Vansquez because the district court found Plancarte-Vasquez responsible for "at least 10,000 kilograms of marijuana equivalent," but then imposed a guideline sentence that would have required a finding of responsibility for at least 30,000 kilograms of marijuana equivalent. *See* Crim. docket no.91 at 9. Plancarte-Vasquez appeared for re-sentencing on August 21, 2006. *See* Crim. docket no. 101. Plancarte-Vasquez was found responsible for 30,000 kilograms of marijuana equivalent and was sentenced to 168 months. *See* Crim. docket no. 102. Plancarte-Vasquez again appealed the district court's drug quantity calculation to the Eighth Circuit Court of Appeals. Crim.

docket no. 103. The Eighth Circuit Court of Appeals held that the district court's drug-quantity calculation was supported by the record and was not clearly erroneous, nor was the ultimate sentence unreasonable with regard to application of sentencing factors. *See* Crim. docket no. 118 at 2.

To the extent that Plancarte-Vasquez's claim is a direct challenge to the drug quantity finding, this court finds that it is barred, having been previously raised and decided on appeal. "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Dall v. United States,* 957 F.2d 571, 572 (8th Cir. 1992) (citing *United States v. Shabazz,* 657 F.2d 189, 190 (8th Cir. 1981)(per curiam).

Further, to the extent that Plancarte-Vasquez's claim is that he is actually innocent of responsibility for the drug quantity found by the district court because his co-defendant was found responsible for a different drug quantity, Plancarte-Vasquez produces no new evidence to establish his own innocence of responsibility for this drug quantity and this court finds this argument entirely without merit. The lack of any new evidence alone is enough to deny Plancarte-Vasquez's claim when characterized as an actual innocence claim. *See House*, 547 U.S. at 537.

Construed as a claim that his trial counsel was ineffective for not challenging the finding of drug quantity, the record demonstrates that his counsel cross-examined witnesses at sentencing, challenging their credibility, argued against his client being held responsible for the quantity attributed to him, and appealed the issue. This court fails to see how his counsel's performance in this regard was deficient. Plancarte-Vasquez has not established that the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance, should be overcome. *See Davis*, 423 F.3d at 877. If the movant fails to show deficient performance by counsel, the court need proceed no

further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Pancarte-Vasquez cannot establish that his attorney's conduct with regard to drug quantity fell below the wide range of reasonable professional assistance.

For all of the above reasons, Plancarte-Vasquez's claims with regard to drug quantity, will fail.

### 6. *Failure to object to supervised release*

Plancarte-Vasquez contends that his counsel provided ineffective assistance of counsel by failing to object to the imposition of supervised release on the grounds that it constituted a second and additional sentence, in violation of the Sixth Amendment to the United States Constitution. (Motion at 8). The respondent claims that the imposition of supervised release is statutorily authorized pursuant to 21 U.S.C. § 841 and 21 U.S.C. § 846.

Plancarte-Vasquez pled guilty to conspiracy to distribute 15,000 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A) and 860(a) and also pled guilty to possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), and was sentenced to 168 months imprisonment and 60 months of supervised release, to run concurrently. *See* Crim. docket no. 102. Plancarte-Vasquez cites no persuasive authority for his position and his sentence was imposed in accordance with the terms of the applicable statutes. This court finds Plancarte-Vasquez's argument that imposition of a term of supervised release violates his Sixth Amendment rights meritless.

### C.  Certificate Of Appealability

Denial of Plancarte-Vasquez's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein.  The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)**  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b).  To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569.  Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Plancarte-Vasquez has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Plancarte-Vasquez's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Plancarte-Vasquez does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## IV. CONCLUSION

Upon the foregoing, Plancarte-Vasquez's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 27th day of January, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA